HOBSON, Justice.
The appellees, as members of the Florida Railroad and Public Utilities Commission, filed similar complaints in the Circuit Court in each of the above cases, charging appellants with certain acts alleged 'to constitute a- subterfuge contravening the provisions of Chapter 323, Florida Statutes, F.S.A., and certain rules of the Commission. The complaints further charged that appellants were continuing such acts, and appellees sought an injunction and an accounting for the purpose of seeking payment of mileage taxes claimed by the State of Florida. The acts charged were that although appellants rented trucks pursuant to a written lease, a copy of which was attached to the complaint, such leases were a sham and appellants actually furnished drivers, trucks and other services which characterized them as an auto transportation company subject to regulation under the statute.
After the complaints were filed, Great Southern Trucking Company and Central Truck Lines petitioned for intervention in the cause, adopting the complaints filed by the Commission. Their petitions were granted by the chancellor.
Appellants moved to dismiss the complaints for failure to state an actionable claim and upon the ground that Chapter 323, Florida Statutes, was unconstitutional. On denial of these motions, appellants petitioned for certiorari to this court. We sustained the chancellor, held the statute constitutional, and directed appellants to answer. See Stewart v. Mack, Fla., 66 So.2d 811.
Appellants answered, and filed “cross, bills” alleging a conspiracy and seeking to enjoin appellees from enforcing the provisions of Chapter 323 with respect to the conduct of their business. The “cross bill's” were dismissed with prejudice.
On appellees’ motion for reference, over objection by appellants, the chancellor ordered that the cases be consolidated for trial and referred to a special master to take testimony the entire week of July 19, 19S4. The special master officiated at the taking of testimony on July 19 and 20, but on July 21 the chancellor was advised of the decision of this court in Slatcoff v. Dezen, Fla., 74 So.2d 59, whereupon by nunc pro tunc order he appointed the special master as a hearing examiner and ordered that the testimony adduced before him be transcribed. The chancellor-adjourned the proceedings, and no recommendations were made to the- *145 chancellor by the examiner. The case was tried before the chancellor on March 22-24, 1955, and resulted in the final decree .appealed from.
Appellants first contend that the chancellor erred in granting the petitions for intervention, on the primary ground that intervenors asserted no rights or claims in the litigation. From a procedural standpoint, the rules pertaining to intervention were followed. A substantive right is set out in the grounds contained in each of the petitions. In their petitions, intervenors contend that they are certificated common carriers subject to state and federal regulation, and the activities of the appellants as described in the complaints are detrimental to the intervenors and that these activities directly reduce the amount of lawful carriage available to the intervenors. Each of the intervenors adopted the complaints filed by the Commission and was satisfied with the relief as prayed for in such complaints because it would have the effect of terminating the allegedly unlawful activities which were operating to the detriment of the inter-venors. There was no error in granting the petitions under these circumstances. We do not read Morgareidge v. Howey, 75 Fla. 234, 78 So. 14, cited by appellants, as requiring petitioners for intervention tp filé separate complaints in each case when the complaint already on file seeks the very relief which they desire. There is no error in this aspect of the case.
 Appellants next contend ■ that it was error for the chancellor to dismiss the “cross bill” with prejudice. They do not argue this point in their brief, however, and we therefore deem the point to be abandoned. Dalton v. State, Fla., 42 So.2d 174, certiorari denied 339 U.S. 923, 70 S.Ct. 612, 94 L.Ed. 1346; Cannon v. State, 62 Fla. 20, 57 So. 240; Phoenix Ins. Co. of Brooklyn, N. Y. v. Bryan, 58 Fla. 341, 50 So. 576; Hoodless v. Jernigan, 46 Fla. 213, 35 So. 656; 30 F.S.A. Supreme Court Rules, 1955, Rule 36, subd. 6(d). The bare statement that the action of the court was error does not constitute “argument”.
The next contention of appellants is that the chancellor erred in overruling the1 objections to the use at the trial of. the testimony of . witnesses taken before the “special master”. The question is whether the nunc pro tunc order reducing the special master to the status of trial examiner cured the defect which would otherwise have existed in the proceedings under Slatcoff v. Dezen, supra, 74 So.2d 59. We are of the opinion that this action of the trial court was correct and was not prejudicial to appellants. In Slatcoff v. Dezen, at 74 So.2d at pages 61-63, we said:
“The petitioner concedes that a special master may be appointed to perform a ministerial service even over the objection of one of the parties, * * *_
“From our study of the history of masters in the judicial system and from our examination of statutes enacted from time to tithe, and the present Court rules, having at all times regard for the constitutional provision vesting unqualified power in the Court, we conclude that special masters may be appointed to serve in a ministerial capacity to perform a ‘particular service,’ if the chancellor in his discretion decides that such action is necessary to aid the court in an accurate and expeditious determination of the cause. The validity of these appointments for limited service will not be affected by the want of agreement on the part of the litigants, or even their protest, and the reports of special masters in such cases shall be advisory.”
Appellants have pointed out to us no difference between the function of the person appointed by the court in this case, in the limited service he performed herein, whether he is called a special master or a trial examiner. He made no recommendations to the chancellor, and merely presided over the taking of testimony by some witnesses. It is substantially the same as if this testimony had been taken by deposition. This procedure was clearly authorized by the Slat- *146 coff case. Appellants suggest that they were prejudiced because these witnesses, whose testimony was favorable to appellants, were not before the chancellor. It does not appear, however, 'that they were deprived of an opportunity to present these witnesses at the trial for what effect their demeanor might have had on the chancellor. Perhaps the principal point which they make in connection with this part of the case is that they will he needlessly put to added expense in that the costs incident to the examiner’s performance will be taxed against them. The examiner’s fee was settled at $200. Counsel for the Commission conceded below that this fee should be taxed against the plaintiffs, but the chancellor was of the tentative opinion that it should be taxed against the losing party. On This appeal, counsel for the appellees make the flat statement in their brief that “the costs incurred in the iuatter before the hearing examiner were borne by the plaintiffs and will not be taxed as costs.” We are entitled to accept this statement and are sure that the chancellor will not tax the examiner’s fee against the appellants.
Appellants next argue that the chancellor erred in overruling their objection to the deposition of one Jesse P. Lott, on the ground 'that insufficient notice of the taking of this deposition was given. It would serve no useful purpose to detail the facts concerning the notice which was given blit, under the circumstances, we consider it “reasonable” within the meaning of Rule’ 1.24(a), Florida Rules of Civil Procedure, F.S.A.
The next contention of' appellants is that the chancellor erred in denying defendant’s motion to strike the testimony of the witness Paul Burkhart. This witness testified at length upon vehicle registrations of equipment involved in leases by the appellants. Appellants argue that this testimony was irrelevant and prejudicial. The testimony, however, was relevant when viewed with the whole case for its tendency to prove the falsifications of records by the defendants as part of a plan to evade the statute.
Finally, appellants argue in effect, under the last two points they present on this appeal,'that the chancellor’s denial of their motion to dismiss at the close of the plaintiff’s case and the entry of his final decree were against the weight of the evidence. But the real question is whether the findings entered in connection with the final decree are supported .by competent substantial evidence, and we hold that this question must be answered in the affirmative and that the case is controlled, as the chancellor held, by Bruce’s Juices, Inc., v. King, Fla., 61 So.2d 175. Appellants say that the evidence shows that hundreds or thousands of leases were issued by them, and go on to state that “if out of this mass of business there were only two or three violations of the Statute, would such be the basis for a restraining order?” There is adequate evidence of a pattern of operation here. Moreover, appellants appear to misconceive the effect of these proceedings. This is not a criminal case, nor is the question at issue whether all of the activities of appellants are legal or illegal. It is sufficient that the court below found that some of the activities were illegal, and it is only such activities which are enjoined by the final decree appealed from.
Affirmed.
DREW, C. J., and TERRELL and ROBERTS, JJ., concur.