PARKS, Circuit Judge
(dissenting).
Upon further consideration of the cause and appellants’ petition for rehearing, I have concluded that it would be error to reverse the Chancellor’s order referring the .taking of the testimony to a special examiner.
Upon careful reading of Slatcoff v. Dezen, Fla., 74 So.2d 59, on which reliance is placed to ground some phases of the opinion, I do not think that the case is a precedent for the original opinion of the Court in this case. In that case the reference to the master required him. to take the testimony and report his findings of fact and conclusions of law together with his recommendations. The order of the Judge contained no such provision in this case and merely stated:
“The docket of this Court being at this time unusually heavy, it will greatly expedite the handling of these cases by referring them to the Official Court Reporter as Special Examiner.” .
A Special Master’s duties in the absence of any authorization to make findings and recommendations are limited to the taking and reporting of the testimony of the parties litigant. 31 F.S.A. Rules of Civil Procedure, Equity Rule 3.14. Such appointment may be made for any “particular service” or, as it perhaps may be more properly .termed, “limited service”. Stewart v. Mack, Fla., 86 So.2d 143. The term “particular. service”, as it was construed in the .Stewart case, includes the taking of a part or all of the testimony in the case, as the order may authorize, but does pot include the making of findings or recommendations. This is the true intent of the rule.
A special examiner's authority and duties are, under Rule 3.12, little if any different from that of a special master unauthorized .to make findings and recommendations. That rule authorizes the Judge to appoint -an examiner to take all testimony in a case unless the order is otherwise limited.
The whole tenor and effect of the decision in the Siatcoff case is that, in the face ■of opposition of one of the parties, the special master cannot be authorized to malee findings and conclusions of law, together with recommendations. There is nothing in the case limiting the power of the Chancellor in the matter of appointing an ex *621 aminer or special master to take the testimony of the parties. The case, in its history of the practice concerning masters and their appointment for the taking of testimony, beginning with territorial days, discloses that they were authorized to take any or all testimony as the Court in its order directs, and such order may have empowered the master to make findings and recommendations.
The ancient practice of authorizing the master to take the testimony of the parties, derived from the English Courts, has been followed in the circuits of the State to the present day and, to the writer’s knowledge, has been consistently followed in the circuit in which he has been one of the Judges for more than one-third of a century. The thought up to this time has never been advanced that any constitutional right was impaired or violated by such appointment on the theory that it authorized an erroneous delegation of the Court’s powers to a master, nor has the thought been advanced that the Constitution required the Chancellor to personally hear the testimony of the parties litigant. Surely the practice accepted by the Bench and Bar for more than a hundred years does not trench upon any constitutional rights of litigants.
The discretion of the Judge in making the appointment under the rules should be exercised sparingly and such orders should be the exception rather than the rule, as provided by Rule 53 of the Federal Rules of Procedure, 28 U.S.C.A. In this case the Chancellor found that the docket was congested and the reference would greatly expedite the trial of the case. The harmful results of undue delay in the possible loss of testimony, the disappearance or death of witnesses, and the financial and business conditions and needs of one or both of the litigants, often makes imperative the expeditious taking of the testimony and disposition of litigation, which may far outweigh the effect of the lost opportunity of the Judge to observe and hear the witnesses give their testimony. Moreover, if at the hearing of the cause upon the testimony taken before the examiner, the Court should find the evidence in such condition that he decides he should hear the testimony of any witness and observe his demeanor in order that it be given its true weight, he has the authority to recall the witness for personal examination before him.
To fetter the discretion of the Chancellor so that he no longer has any discretion under the rule to appoint a special master or examiner for the purpose of taking the testimony of the parties unreasonably restricta the meaning and intent of the rule. Such holding will inevitably lead to harmful delay in the disposition of the business of the Court.
In conclusion, I am reminded of the oft repeated aphorism of Gladstone, who in speaking of the delay in the disposition of cases said, “Justice delayed is justice denied”.
I think the Chancellor’s order should be approved.