567 So.2d 483 (1990)
Bruce D. ROGERS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-79.
District Court of Appeal of Florida, First District.
September 13, 1990.
Rehearing Denied October 9, 1990.
Barbara Linthicum, Public Defender, Michael J. Minerva, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
We have for review the trial court's denial of appellant's motion for postconviction *484 relief, grounded on alleged incompetence and intoxication of his defense counsel in his preparation and trial of the case.[1] Upon consideration of the record and the arguments presented, it is clear that moderately skilled counsel could have taken advantage of several opportunities to exploit weaknesses in the state's case-in-chief, and possibly to partially discredit the testimony of one of the law enforcement officers testifying for the state on matters not involving appellant's actual participation in the criminal episode out of which the charges against him ensued.
It is also apparent that counsel was unprepared to challenge the testimony of another state's witness, codefendant Mary Cobb, by reason of counsel's having failed to have the tape recording of her pretrial deposition transcribed. Despite appellant's heavy reliance upon this dereliction, however, appellant failed to produce evidence, at his rule 3.850 evidentiary hearing, that the witness Cobb's trial testimony differed in any respect from her deposition testimony. Since appellant failed to either produce a transcription of Cobb's deposition, or the tape, or to prove that the tape recording was lost or destroyed, making it impossible to produce a transcript, we are left to speculate or to "presume" that the transcript would have been favorable to the appellant. This we decline to do. We know of no authority for finding a dereliction on the part of counsel for failure to present evidence of impeachment, without a showing that the unpresented evidence would indeed have been impeaching.
Appellant also relies on counsel's failure to move for a judgment of acquittal. It is clear, however, that the evidence presented during the state's case-in-chief was sufficient, if believed by the jury, to place appellant at the scene of and fully participating in the crimes. There is no showing that a motion for judgment of acquittal had any likelihood of success. Further, during the defense portion of the case, appellant testified, admitting his presence and participation in the offenses but attempting a defense based on "entrapment," in which he contended that he was compelled to "go along" with the crimes at the instigation of his codefendant Abbott, which he did in order not to jeopardize his status as a confidential informant working for the local law enforcement authorities.[2]
While it may be apparent, in hindsight, that the entrapment defense might have been ill-suited to the facts, since appellant admitted that no law enforcement officer *485 him to commit the criminal acts, we agree with the observation of the court below that defense counsel do not always have the luxury of choosing the line of defense, but must be guided by the disclosures made by, and, to some extent, the directions of their clients. We note, regrettably, that appellant's trial counsel died before commencement of the evidentiary hearing below, thus foreclosing any inquiry into the factors motivating counsel's trial strategy and other actions in behalf on his client.
Finally, we have considered the contention that appellant's counsel was incapacitated by reason of intoxication during the trial. There was testimony by the Chief Assistant Public Defender that attorney Moore's reputation in the legal community was "that he was an alcoholic." The witness acknowledged, however, that his assistant, a highly respected trial attorney who represented one of appellant's codefendants, told him that while he attended appellant's trial because he was worried about Moore's ability, Moore nevertheless "handled himself excellently." The defense investigator hired by Moore, who had served with Moore in the Air Force, testified that Moore drank frequently, including during pretrial and the trial. When asked if he could tell whether Moore was intoxicated, he said that he did not remember ever seeing Moore completely sober. He admitted, however, that he never came in close contact with Moore during the trial, and never smelled his breath. The prosecutor at appellant's trial testified that he did not notice any evidence of drinking or intoxication on Moore's part during the trial, and that he thought Moore had done an adequate to good job in defending appellant. He felt that Moore had taken "an unviable defense" and done an extremely good job with it.
While any evidence of the use of intoxicants during a trial is extremely disturbing to this court, we do not feel that the evidence below rises to the level required to establish that Moore drank during the trial, or if he did, that he was in any way incapacitated by the consumption of alcohol. We find no abuse of discretion in the trial court's denial of relief on this ground.
In the landmark case of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), the court set forth the following standard for determining ineffective assistance of counsel requiring reversal:
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
While the trial court perhaps misstated the test under the above decision when he found that any errors or omissions by counsel "did not result in the [alteration] of the outcome of the final verdict," he also found that "no substantial prejudice was occasioned by Mr. Moore's dereliction, if any, and the court will therefore deny the motions." Upon consideration of the matters above discussed, as well as other arguments raised by counsel, we conclude that appellant failed to carry the burden of demonstrating errors so serious as to deprive the defendant of a fair trial, or a trial whose result is reliable.
The order denying postconviction relief is therefore
AFFIRMED.
SMITH, JOANOS and ZEHMER, JJ., concur.
NOTES
[1] Appellant was convicted by a jury of the offenses of armed robbery, kidnapping, and grand theft, and his convictions were affirmed without opinion, Rogers v. State, 433 So.2d 522 (Fla. 1st DCA 1983). Appellant's first motion for postconviction relief was denied as insufficient, and affirmed on appeal without opinion, Rogers v. State, 443 So.2d 983 (Fla. 1st DCA 1983). Appellant's second motion was summarily denied by the trial court as raising substantially the same grounds as in a previous motion. However, this court reversed, finding that the trial court did not attach the previous motion or other portion of the record to conclusively show that the first motion disposed of all grounds of the instant motion on the merits, and further finding that several grounds of the instant motion appeared sufficient to warrant some relief. Rogers v. State, 495 So.2d 891 (Fla. 1st DCA 1986). The case again came before this court on appeal from a third denial of postconviction relief, resulting in an affirmance as to all grounds except that of ineffective assistance of counsel, and reversal for further proceedings. Rogers v. State, 510 So.2d 1230 (Fla. 1st DCA 1987). The present appeal is taken from denial of the motion after evidentiary hearing on the ineffective assistance claims.
[2] In his reply brief, appellant concedes "for purposes of argument," that appellant's testimony was necessary for an acquittal by either the judge or the jury, but that appellant's counsel erred in advancing the wrong theory upon which to seek a not guilty verdict, in that, rather than entrapment, appellant was trying to convince the jury that he participated in the crimes because of his understanding of the mission of a confidential informer, based on his past experience with other agencies and the lack of any detailed instructions by officers of the Santa Rosa County Sheriff's Office. Despite reliance on a "good faith" defense argument, appellant has provided no authority holding that one not acting under the direction, supervision and authority of or agreement with a law enforcement agency, is nevertheless entitled to be exonerated from crimes against a person on the ground that the perpetrator believed himself to be serving some law enforcement objective. See text and authorities cited in 22 C.J.S.Crim.Law, § 56, "Acting Under Authority or Direction of Public Officers."