**UNITED STATES of America, Plaintiff,**

v.

**Francisco NOVATON, et al., Defendants.**

**No. 93–0597–CR.**

United States District Court,
S.D. Florida,
Miami Division.

Nov. 8, 1994.

**1024**

Alex Angueira and Joel Vaughn, Asst. U.S. Attys., Miami, FL, for plaintiff.

Oscar Rodriguez, Miami, FL, for Francisco Novaton.

Michael Blacker, Miami, FL, Jose Villalobos, Coral Gables, FL, for Cuni.

John Bergendahl, Miami, FL, for Lopez.

William Matthewman, Miami, FL, for Reynaldo Rodriguez.

Arthur W. Tifford, Miami, FL, for Sarmiento.

Richard Docobo, Miami, FL, for Rosell.

Albert Z. Levin, Miami, FL, for Dominguez.

Abe Bailey, Miami, FL, for Mercedes Novaton.

Gregory Prebish, Miami, FL, for Humberto Rodriguez.

Joseph Gibson, Miami, FL, for Matamoros.

Martin Feigenbaum, Miami, FL, for Leopoldo Rodriguez.

Adrienne J. Goodman, Miami, FL, for Walkine.

K. MICHAEL MOORE, District Judge.

Defendants have been indicted for their participation in an alleged drug conspiracy. At trial, the government introduced into evidence numerous wire-intercepted telephone conversations. Several law enforcement witnesses testified as to the meaning of coded language that defendants purportedly used in these calls to conceal criminal communications.

The Government sought to admit this testimony into evidence under Federal Rule of Evidence 701. Defendants have objected, contending that such testimony is admissible, if at all, only as expert testimony pursuant to Federal Rule of Evidence 702 and then only after pretrial disclosure pursuant to Federal Rule of Criminal Procedure 16(a).

■ This Court disagrees and concludes that the officers' testimony is admissible under Rule 701. Rule 701 provides:

If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness

and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

It is within the discretion of the trial judge to determine whether a lay witness is qualified to give opinion evidence under Rule 701. *United States v. Myers,* 972 F.2d 1566, 1576–77 (11th Cir.1992), *cert. denied,* — U.S. ——, 113 S.Ct. 1813, 123 L.Ed.2d 445 (1993).

In this instance, each government witness was a law enforcement officer monitoring a court-ordered wire interception. Each witness heard the calls about which he or she testified at the time the calls were intercepted. Testimony was in the form of an opinion or inference rationally based on a perception of what the witness heard. Moreover, each witness testified as to what actions he or she personally took or instructed other law enforcement officers to take in response to what was heard on a telephone conversation. For example, when a witness overheard a communication that he or she believed was a coded reference to a planned delivery of cocaine, that witness notified other law enforcement officers so that surveillance or seizure could be undertaken. Consequently, each witness' opinion or inference regarding defendants' alleged use of code was necessary to provide the jury with a clear understanding of his or her testimony and to help the jury to determine a fact in issue.

Defense counsel had an opportunity to cross-examine each witness regarding the purported coded conversations and, in fact, did so. The defense also had an opportunity to rebut the testimony of the law enforcement witnesses with alternative exculpatory explanations as to the meaning of these conversations. Indeed, defense counsel cross-examined the witnesses in an effort to establish that the calls actually related to such conduct as the practice of Santaria religion, bolita gambling and vacation trips to visit relatives. The jury was free to accept or reject the witnesses' testimony, in whole or part, and was given a cautionary instruction to that effect.

Rule 701 permits the monitors' testimony under these circumstances. In *United States v. Awan,* 966 F.2d 1415 (11th Cir.1992), defendants convicted for money laundering challenged the admission of similar testimony. Agent Robert Mazur had dealt with the defendants as part of an undercover investigation, and many of his communications with them had been recorded. When the government introduced these communications into evidence at trial, Mazur testified about the meaning of many terms that defendants used in the subject conversations. For example, when a defendant informed Mazur that banks had to report money that was "not clear," Mazur testified that the defendant was referring to drug money. *Id.* at 1429. Mazur also explained the meaning of terms used in international finance such as "shell corporations" and "haven countries."

On appeal, defendants asserted that the district court improperly allowed Mazur to testify as to his "subjective views about what straightforward comments in the tape-recorded conversations meant and why he and the defendants had uttered them." *Id.* at 1430. The Eleventh Circuit disagreed, holding that Mazur's testimony was admissible under Rule 701 because defendants' cryptic comments were not "perfectly clear." *Id.* at 1430–31. *Accord United States v. Davis,* 787 F.2d 1501, 1505 (11th Cir.), *cert. denied,* 479 U.S. 852, 107 S.Ct. 184, 93 L.Ed.2d 118 (1986) (witnesses' understandings of implied criminal meanings of defendants' statements were admissible under Rule 701).

■ As in *Awan,* the wiretap monitors' testimony was admissible under Rule 701 because defendants' cryptic conversations were not "perfectly clear." This testimony reported the monitors' perceptions of conversations conducted under their surveillance and clarified the meaning of terms used in those conversations. *Awan* thus indicates that the monitors' testimony was admissible under Rule 701.

■ The fact that the monitors did not speak in these conversations, and that Defendants were unaware of their presence, does not alter the Court's determination as to the admissibility of their testimony. It is enough that the monitors overheard the conversations as they occurred. In *United States v. Russell,* 703 F.2d 1243 (11th Cir.1983), defendants were convicted on various drug con-

spiracy charges after being arrested in an undercover sting operation. The government used an experienced drug smuggler to work with the defendants in bringing narcotics into the United States, and agent Ronnie Cornelius secretly recorded conversations between the undercover operative and the defendants. At trial, Cornelius testified about what the defendants said and meant in the recorded conversations that he had "overheard." *Id.* at 1248. On appeal, defendants asserted that Cornelius, a non-expert, erroneously gave his opinion about the meaning certain overheard statements. *Id.* The Eleventh Circuit rejected this claim, concluding that the "district court did not err in admitting this description of facts as perceived by Cornelius." *Id.*

Further, although this circuit has admitted testimony interpreting narcotics code as the opinion of an expert pursuant to Federal Rule of Evidence 702, *see United States v. Carrazana,* 921 F.2d 1557, 1567–68 (11th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 191, 116 L.Ed.2d 152 (1991); *United States v. Brown,* 872 F.2d 385, 392 (11th Cir.), *cert. denied,* 493 U.S. 898, 110 S.Ct. 253, 107 L.Ed.2d 203 (1989), neither Rule 702 nor case law interpreting it suggests that it is the sole vehicle by which such testimony may be admitted. While expertise regarding narcotics code has been found to exist, such expertise does not foreclose lay opinion which is rationally based on a witnesses' perception and which is helpful to a clear understanding of the witness' testimony or to the determination of a fact in issue. A monitor's opinion as to meaning of conversations that he or she personally overheard at the time they occurred is at least as probative of a fact in issue as any Rule 702 "narcotics code" expert opinion arrived at after the fact. Further, the cloak of "narcotics code" testi-

mony as Rule 702 expert opinion may well cause a factfinder to attach greater weight to such testimony than a Rule 701 lay opinion.

Consequently, the Court concludes that the monitors' testimony is admissible under Rule 701 and overrules Defendants' objections.[1]

---

1. The Eleventh Circuit's opinion in *United States v. Myers,* 972 F.2d 1566, also supports this conclusion. In *Myers,* a former police officer was convicted of violating prisoners' constitutional rights after he had shot them with stun guns. At trial, a fellow officer who had not witnessed the shootings testified that reddish brown marks on one prisoner's backs were consistent with marks that would be left by a stun gun. *Id.* at 1577. The defendant contended that the district court improperly admitted this testimony under Rule

701. The Court of Appeals rejected this claim because the testimony "was relevant to a determination of a fact in issue" and because the officer's conclusion "was rationally based upon his personal perception of the [prisoner's back] and his nineteen years of experience on the police force." *Id.*

The instant case is analogous to *Myers.* As in that case, the witnesses testified about calls they had monitored and their previous experience with the use of narcotics code.