645 So.2d 575 (1994)
Willie E. CLARK, Appellant,
v.
STATE of Florida, Appellee.
No. 93-02489.
District Court of Appeal of Florida, Second District.
November 18, 1994.
Willie E. Clark, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kimberly E. Nolen, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Willie Clark appeals his judgments and sentences for conspiracy to commit racketeering and for one count of grand theft. The state cross-appeals Clark's judgment of acquittal of racketeering.[1] We affirm Clark's conspiracy and grand theft convictions and reverse the judgment of acquittal and remand for resentencing.[2]
Clark was charged by amended information with one count of conspiracy to commit racketeering, one count of racketeering, and two counts each of forgery, uttering a forged instrument, and grand theft. A jury found Clark guilty as charged, but the trial court subsequently granted his motion for judgment of acquittal of the racketeering count. The trial court departed from the guidelines and sentenced Clark to thirty years' imprisonment on the conspiracy to commit racketeering count, to be followed by two consecutive five-year terms of imprisonment for the remaining counts.
*576 Clark was charged with violating sections 895.03(3) and (4), Florida Statutes (1991), of the Florida Racketeer Influenced and Corrupt Organization (RICO) Act. Those sections of the Act provide in pertinent part as follows:
(3) It is unlawful for any person employed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of racketeering activity or the collection of an unlawful debt.
(4) It is unlawful for any person to conspire or endeavor to violate any of the provisions of subsections (1), (2), or (3).
"Enterprise" is defined in pertinent part as "any ... group of individuals associated in fact although not a legal entity." § 895.02(3). "Pattern of racketeering activity" is defined as
engaging in at least two incidents of racketeering conduct that have the same or similar intents, results, accomplices, victims, or methods of commission or that otherwise are interrelated by distinguishing characteristics and are not isolated incidents, provided at least one of such incidents occurred after the effective date of this act and that the last of such incidents occurred within 5 years after a prior incident of racketeering conduct.
§ 895.02(4).
"Racketeering activity" is defined as any of the crimes chargeable by indictment or information that are enumerated in section 895.02(1)(a), which crimes include forgery and grand theft.
In entering the judgment of acquittal of the racketeering count, the trial court ruled that the state had not proven the third part of the enterprise element of racketeering as set forth in Boyd v. State, 578 So.2d 718 (Fla. 3d DCA), review denied, 581 So.2d 1310 (Fla. 1991). In Boyd, the Third District explained, citing the seminal case of United States v. Turkette, 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981), as well as United States v. Riccobene, 709 F.2d 214 (3d Cir.1983), that an enterprise is an ongoing organization whose various associates function as a continuous unit separate and apart from the pattern of racketeering in which the organization engages. Boyd, 578 So.2d at 721-722.
The trial court found that the state had only shown the existence of a loose group of individuals who associated with Clark but not with one another and who were only linked by the offenses which formed the predicate acts of racketeering. Fully cognizant of the presumption of correctness with which a trial court's ruling comes to this court, we hold that the grant of the judgment of acquittal was erroneous because the evidence in this case was not such "that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law." Lynch v. State, 293 So.2d 44, 45 (Fla. 1974).
The evidence revealed that since the late 1980's Clark had been operating a scam whereby he recruited mostly females to assist him in stealing wallets out of women's purses in shopping carts in Publix supermarkets. (Publix markets were targeted because Clark believed they attracted more affluent shoppers.) Either Clark or one of his accomplices would divert the shopper's attention and the other would grab the wallet. Clark would use the victims' identifications to draft false birth certificates and social security cards for his accomplices to use to obtain false Florida identification cards. He drafted these documents in a home office that was fully equipped for such a purpose. The accomplices would then use the identification cards to withdraw money from the victims' bank accounts by executing deposit slips for forged checks which also indicated a withdrawal.
This evidence was provided through the testimony of many of Clark's numerous accomplices over the years. Although no one of these accomplices occupied a specific position during the entire period covered by the information, "an enterprise can exist in the absence of a formally structured group." United States v. Young, 906 F.2d 615, 619 (11th Cir.1990). "There must be proof, minimally, of a purposive systematic arrangement between members of the group." Boyd, 578 So.2d at 722.
*577 All of Clark's accomplices clearly had the objective of making money. Some of them learned of Clark while in jail, and others were recruited by Clark or his accomplices at the time. Clark or one of his accomplices would instruct new recruits on how to distract shoppers in the supermarkets and steal their wallets and how to dress professionally and quickly execute the banking transactions. Clark even had a videotape on how to be a pickpocket. Some of the accomplices worked together, and they all had some knowledge that others were or had been involved in Clark's scam. One of the accomplices testified that Clark told her that if she listened to him, she could eventually have others working for her as in a business.
We hold that reasonable persons can differ as to whether this evidence reveals the existence of an organization separate and apart from the pattern of racketeering activity  the thefts and forgeries  in which Clark and his accomplices engaged. Under such circumstances, the jury's verdict should not have been disturbed. Lynch, 293 So.2d at 45. Accordingly, we reverse the judgment of acquittal and remand with directions that the jury's verdict of guilt on the racketeering count be reinstated.
Our disposition of the racketeering count necessitates the resentencing of Clark. We must direct that Clark be resentenced pursuant to the guidelines because the reasons given for his departure sentence  extensive premeditation, preparation, and ongoing criminal activity  are inherent components of racketeering and conspiracy and therefore may not be used to support a departure sentence for those offenses. See Fletcher v. State, 530 So.2d 296 (Fla. 1988).
Clark also argues that the evidence was insufficient to support both of his convictions of grand theft. This point has not been preserved for this court's review as it was not raised in the trial court.
Accordingly, we affirm Clark's convictions of conspiracy to commit racketeering and grand theft; we reverse the judgment of acquittal of racketeering; and we reverse Clark's sentences and remand for resentencing pursuant to the guidelines.
Affirmed in part, reversed in part, and remanded for resentencing.
RYDER, A.C.J., and ALTENBERND and LAZZARA, JJ., concur.
NOTES
[1] See § 924.07(1)(j), Fla. Stat. (1991).
[2] Clark raised thirty-eight points on appeal, but we only find merit in the sentencing issue which we address later in this opinion. We note that Clark waived points twenty through thirty-eight by not presenting any arguments thereunder. Stewart v. Mack, 86 So.2d 143 (Fla. 1956).