PER CURIAM.
We find merit only in the appellant’s contention that the trial court erred in not re-sentencing him pursuant to the guidelines[1] *303 as directed by our mandate in Ms previous appeal. Clark v. State, 645 So.2d 575, 577 (Fla. 2d DCA 1994).
Accordingly, we affirm the appellant’s convictions but reverse Ms sentences and remand for resentencmg pursuant to the grnde-lines.
Affirmed in part, reversed in part, and remanded for resentencing.
FRANK, A.C.J., and LAZZARA and QUINCE, JJ., concur.

. The trial court did not err in denying the appellant's motion to be sentenced pursuant to the 1994 guidelines. The statute the appellant relied upon in that motion, section 921.001(4)(b), Florida Statutes (1993), has been replaced by section 921.001(4)(b)2., Florida Statutes (Supp.1994). *303 At the time of his resentencing, the amended statute provided for sentencing under the 1994 guidelines only for offenses committed on or after January 1, 1994. Ch. 93-417, § 1, Laws of Florida. The amended information filed against the appellant alleged he committed the charged offenses between 1987 and 1991.