738 So.2d 372 (1999)
Lealzo "Zodie" HOWARD and Eugene Howard, Appellants,
v.
STATE of Florida, Appellee.
Nos. 98-222, 98-227.
District Court of Appeal of Florida, Fifth District.
June 18, 1999.
*373 James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellants.
Robert A. Butterworth, Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, C.J.
Lealzo "Zodie" Howard and his brother, Eugene Bodine Howard ["Appellants"] were convicted of conspiracy to commit racketeering, uttering a false or forged instrument, and organized fraud.[1] No sentencing issue has been raised on appeal; only issues relating to conviction are at issue. Our examination of the record reveals no reversible error. Accordingly, we affirm.
Appellants first contend that the trial court erroneously denied their motions for judgment of acquittal on conspiracy to commit racketeering under Florida's Racketeering Influenced and Corrupt Organization Act, or "RICO," codified at sections 895.01-895.06, Florida Statues (1997). Appellants specifically argue that the trial court erroneously denied their motions for judgment of acquittal since the State failed to present sufficient evidence that they conspired to engage in a criminal enterprise. We disagree. The evidence presented is ample to support the charge under the three-prong test of Boyd v. State, 578 So.2d 718, 721-22 (Fla. 3d DCA 1991), review denied, 581 So.2d 1310 (Fla. 1991).[2] The facts of the instant case are more akin to the second district's holding in Clark v. State, 645 So.2d 575 (Fla. 2d DCA 1994), review denied, 652 So.2d 816 (Fla.1995), than Brown v. State, 652 So.2d 877 (Fla. 5th DCA 1995).
Appellants complain about the admission of evidence through Mark Ross, a drug dealer, that he had been threatened. This alleged error was not preserved but even if it had been, it is doubtful it would be harmful in the context of all the testimony. As for the claim of the improper admission of a prior consistent statement by Mr. Ross, we also find that error would clearly be harmless given the nature of the testimony and the testimony of several others on the same subject.
Finally, appellants complain that the trial court erroneously allowed the State to provide the jury with transcripts of audiotaped telephone conversations between appellants and their co-defendants.[3] Specifically, appellants argue that Detective Lee Oliver, who translated the tapes and authored the transcripts, was not an "expert" qualified in street slang or "dialect."
Here, the transcripts were not admitted into evidence, but merely provided as a "translation" to the jury to aid them in understanding the street "dialect" and jargon spoken by appellants. The court instructed the jury that the transcripts were not evidence, and the transcripts were collected *374 immediately after the tapes were played.
Detective Oliver testified that she was present and listened to many of the admitted audiotapes as they were recorded from surveillance equipment placed within the appellants' hotel room. She recognized the appellants' voices on the tape from the hours she spent monitoring the "bugs" and from viewing a video monitor positioned outside the hotel room. She also testified that she prepared "translations" of their conversations because the speakers conversed in street jargon. Detective Oliver explained that she understood the terms heard on the audiotapes based upon her experience as an undercover agent and her work in the gang unit. Although she admitted that she did not have any "formal" training, she based her translation on her heritage as an African-American raised in the Orlando area for thirty years and her direct experience using the slang as an undercover police officer. The jury was instructed that it may believe, or disbelieve, any or all of an expert's testimony. It was not error to permit the jury to see the transcripts. Macht v. State, 642 So.2d 1137, 1138 (Fla. 4th DCA 1994); see also United States v. Plunk, 153 F.3d 1011 (9th Cir.1998); United States v. Griffith, 118 F.3d 318, 321 (5th Cir.1997); United States v. Carrazana, 921 F.2d 1557, 1567 (11th Cir.), cert. denied, 502 U.S. 865, 112 S.Ct. 191, 116 L.Ed.2d 152, and cert. denied, 502 U.S. 896, 112 S.Ct. 269, 116 L.Ed.2d 221 (1991); Commerford v. State, 728 So.2d 796 (Fla. 4th DCA 1999); see also United States v. Delpit, 94 F.3d 1134 (8th Cir. 1996); United States v. Alfonso, 552 F.2d 605, 618 (5th Cir.1977); cf. United States v. Novaton, 867 F.Supp. 1023 (S.D.Fla. 1994).
AFFIRMED.
THOMPSON and ANTOON, JJ., concur.
NOTES
[1] The cases have been consolidated for appeal.
[2] One court recently has rejected the first prong of Boyd's three-prong test.
[3] Appellants do not contest the admissibility of the audiotapes themselves.