PER CURIAM.
Defendant, Willie J. Walker, appeals the summary denial of his motion filed pursuant to rule 3.850, Florida Rules of Criminal Procedure, which claims ineffective assistance of his trial counsel. We affirm in part and reverse in part.
The trial judge denied Defendant’s motion, holding that the reasons given for the claimed ineffective assistance could and should have been raised on direct appeal. We note that in Cherry v. State, 659 So.2d 1069 (Fla.1995), the Florida Supreme Court held that issues which could have been raised on direct appeal cannot be couched in terms of ineffective assistance of counsel to avoid the rule that postconviction proceedings cannot serve as a second appeal. That principle, however, does not apply when there is a specific accusation directed toward counsel’s performance. See Knight v. State, 710 So.2d 648 (Fla. 2d DCA 1998).
The State concedes that Defendant has stated facially sufficient claims that his counsel was ineffective for failing to challenge a juror who knew the State’s key witness (ground four), for failing to investigate another suspect and impeach that suspect’s alibi (ground five), and for misad-vising Defendant as to the consequences of testifying (ground six). In addition, Defendant’s claim that counsel was ineffective for failing to object to the sufficiency of the evidence presented as to the value of the stolen items supporting the conviction for grand theft (ground two) is legally sufficient and not refuted by any attachments.
However, we agree with the State that Defendant’s first and third grounds are legally insufficient because Defendant has failed to demonstrate prejudice as a result of counsel’s performance. See Teffeteller v. Dugger, 734 So.2d 1009 (Fla.1999) (claim of ineffective assistance of counsel is only sufficient to require an evidentiary hearing when defendant alleges specific facts which are not conclusively refuted by the record and which demonstrate a deficiency in performance which prejudiced the defendant).
Therefore, we affirm the trial court’s order denying grounds one and three. We reverse the trial court’s order denying grounds two, four, five and six and remand this case to the trial court to either attach portions of the record conclusively refuting these claims or hold an evidentiary hearing.
AFFIRMED IN PART; REVERSED IN PART.
THOMPSON, C.J., GRIFFIN and SAWAYA, JJ., concur.