841 So.2d 646 (2003)
Jerome ELLINGTON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-344.
District Court of Appeal of Florida, Second District.
April 4, 2003.
*647 CASANUEVA, Judge.
Jerome Ellington appeals from an order summarily denying his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. He has raised numerous grounds for relief, only one of which we determine to be facially sufficient. As to that one ground, we reverse and remand for the circuit court to hold an evidentiary hearing or to attach excerpts from the record conclusively demonstrating that Mr. Ellington is entitled to no relief.
Mr. Ellington was convicted of two counts of racketeering and one count of conspiracy to commit racketeering in contravention of section 895.03(3), (4), Florida Statutes,[1] together with numerous counts of grand theft and collecting an advance fee from a borrower to provide services as a loan broker. He received a guidelines-departure sentence of twenty-five years in Florida State Prison. On his direct appeal he raised several issues, one of which was error in admission of alleged coconspirator hearsay statements and, by implication, insufficiency of competent evidence for his RICO convictions. The State argued in its answer brief that the issue had not been preserved for appeal. Furthermore, even if the issue had been preserved, it had no merit because the State did prove a conspiracy between the defendant and other conspirators, who were not the declarants of the alleged hearsay.
One of Mr. Ellington's claims on the rule 3 motion before this court is that his trial counsel was ineffective for failure to preserve the RICO issues for appeal. At the close of the evidence, counsel apparently made only a barebones motion, and the State correctly argued on appeal that the motion was insufficient to preserve the issue. "The failure to preserve a potentially reversible error for appeal has been found to constitute ineffective assistance of counsel, sufficient to support a rule 3.850 motion." Daniels v. State, 806 So.2d 563, 564 (Fla. 4th DCA 2002). The movant, however, has the difficult burden of demonstrating prejudice under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The court in Hardman v. State, 584 So.2d 649 (Fla. 1st DCA 1991), recognized that difficulty but reversed for an evidentiary hearing on the issue. See also Rogers v. State, 567 So.2d 483 (Fla. 1st DCA 1990) (holding that the defendant failed to satisfy the *648 requirement of demonstrating prejudice after an evidentiary hearing).
Because the State argued on direct appeal that this issue was not preserved and this court affirmed the appeal per curiam without an opinion, we cannot conclusively state that Mr. Ellington's counsel was not ineffective for failing to preserve this issue for appeal. Accordingly, we reverse and remand for the circuit court to reconsider only Mr. Ellington's claim that his counsel was ineffective for failing to preserve the RICO charges for appeal.
WHATLEY and NORTHCUTT, JJ., Concur.
NOTES
[1] The date of the offenses is not apparent from the limited materials available to the court on an appeal from the summary denial of a rule 3.850 motion for postconviction relief.