STRINGER, Judge.
Willie Ernest Clark seeks review of the trial court’s order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 after a hearing. Clark raised forty-five grounds of ineffective assistance of counsel in his motion, and the trial court granted a hearing on eleven of those grounds. On appeal, Clark’s counsel raises ten of the grounds addressed below. One of the issues raised by counsel requires an eviden-tiary hearing; we affirm the trial court’s denial of relief on the remaining grounds without comment.
After a jury trial, Clark was ultimately convicted of racketeering, conspiracy to commit racketeering, forgery, uttering a forged instrument, and grand theft. This court has previously summarized the underlying facts as follows:
The evidence revealed that since the late 1980’s Clark had been operating a scam whereby he recruited mostly females to assist him in stealing wallets out of women’s purses in shopping carts in *472 Publix supermarkets.... Either Clark or one of his accomplices would divert the shopper’s attention and the other would grab the wallet. Clark would use the victims’ identifications to draft false birth certificates and social security cards for his accomplices to use to obtain false Florida identification cards. He drafted these documents in a home office that was fully equipped for such a purpose. The accomplices would then use the identification cards to withdraw money from victims’ bank accounts by executing deposit slips for forged checks which also indicated a withdrawal.
Clark v. State, 645 So.2d 575, 576 (Fla. 2d DCA 1994).
Clark argues that trial counsel was ineffective for failing to object to the lack of corroborating evidence of the second count of grand theft for which he was charged. The trial court issued a summary denial of this claim because it was raised in the direct appeal. See Clark, 645 So.2d at 577. However, the issue on direct appeal was whether the evidence was sufficient to support both of Clark’s convictions for grand theft. This court held that the issue was not preserved for review because it was not raised at trial. See id. This lack of preservation is Clark’s basis for seeking postconviction relief. Counsel’s failure to preserve an objection to the sufficiency of the evidence is a ground for postconviction relief under rule 3.850. Ellington v. State, 841 So.2d 646, 647 (Fla. 2d DCA 2003); Walker v. State, 765 So.2d 854, 855 (Fla. 5th DCA 2000).
Clark’s argument that the record reflects insufficient evidence to support the second grand theft is based on Clark’s assertion that the perpetrator of the grand theft did not' actually cash the check in question, but was attempting to cash the check when he was arrested. We cannot tell from the record whether the second grand theft was based on the cashing of a single check or not. Accordingly, we reverse and remand for an evidentiary hearing on this issue.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT and KELLY, JJ., Concur.