ALTENBERND, Chief Judge.
Willie E. Clark appeals the denial of his motion to award proper credit for time served pursuant to Florida Rule of Criminal Procedure 3.800(a). This case presents an unusual procedural circumstance in which it appears that standard language commonly used to award prison credit was inadequate to instruct the Department of Corrections about the proper method to calculate that credit for Mr. Clark. We reverse the trial court’s order denying relief and order that the trial court revise the language used to award prison credit in Mr. Clark’s sentence for racketeering so that the Department will award Mr. Clark credit for the time he spent in prison during the pendency of the State’s successful appeal.
Mr. Clark was arrested on July 23,1991, for offenses that occurred between 1988 and 1991. He has been in jail or prison at all times since his arrest. The State filed an information charging Mr. Clark with multiple offenses and a jury convicted him as charged. On July 13, 1993, the trial court entered judgment on all convictions except one, entering an acquittal on count II for racketeering. The trial court prepared a guidelines scoresheet following the jury’s verdict. The trial court, however, departed upward from the guidelines and sentenced Mr. Clark to various sentences, all with 723 days of jail credit for the period of incarceration between arrest and sentencing. Both the State and Mr. Clark appealed these judgments and sentences.
In November 1994, this court reversed the judgment of acquittal on count II. We also reversed the upward departure sentences and remanded for resentencing within the guidelines on all charges. Clark v. State, 645 So.2d 575 (Fla. 2d DCA *1124 1994). On remand, the trial court entered a judgment of guilt on count II. It prepared a new scoresheet adding the charge of racketeering to the scoresheet. The trial court resentenced Mr. Clark on February 3, 1995. The new sentences, of course, included a sentence for count II, the racketeering charge. Mr. Clark was given credit for the 723 days in jail prior to his earlier trial, and the trial court checked the prison credit box which stated: “It is further ordered that the defendant be allowed credit for all time previously served on this count in the Department of Corrections prior to resentencing.”
Mr. Clark again appealed, and this court again reversed because the trial court had not resentenced him within the guidelines. Clark v. State, 665 So.2d 302 (Fla. 2d DCA 1995). The case was remanded for sentencing within the guidelines.
On remand, on May 16, 1996, the trial court reentered judgment against Mr. Clark and entered new sentences for the various counts. In total, the trial court rendered sentences for eight convictions. For count I, conspiracy to commit racketeering, Mr. Clark received a sentence Of 27 years’ imprisonment with 723 days of jail credit and with a check in the same prison credit box that had been checked on the 1995 sentence. Count II, racketeering, resulted in an identical, concurrent 27-year sentence with the same check in the prison credit box. Counts III through VIII resulted in concurrent 5-year sentences with comparable ’ jail credit and prison credit.
Because Mr. Clark’s first sentence on count I was entered on July 13, 1993, the Department of Corrections has correctly calculated Mr. Clark’s 27-year sentence for that offense from July 13, 1993. However, because the sentence on count II was delayed until the completion of the first appeal, the Department has calculated that sentence from the entry of the judgment on February 3, 1995. Thus, Mr. Clark is getting no credit on count II for the time he actually spent in prison between July 13,1993 and February 3,1995.[1]
Mr. Clark has filed more than one post-conviction motion challenging the precise calculation of his jail credit and also attempting to explain that he is receiving no prison credit for the gap. See Clark v. State, 707 So.2d 342 (Fla. 2d DCA 1997). The jail credit issue has now been resolved, but Mr. Clark’s valid concern about the gap has either been overlooked or misunderstood.
The motion before us was filed pursuant to rule 3.800(a) seeking resolution of a purely legal issue surrounding the calculation of prison credit.[2] The trial court denied the motion on the theory that there was nothing wrong on the face of the sentence and that prison credit is a matter for the Department. It is undisputed that the Department is reading the prison credit language in the standard judgment literally and has determined that Mr. Clark spent no time in prison on count II prior to the judgment entered on remand in 1995. Essentially, the Department believes that he could not spend time in prison on that count because no conviction existed on that *1125 count prior to 1995. Thus, the trial court believes it has entered the appropriate sentence and the Department believes it is obeying the trial court, but meanwhile Mr. Clark is not receiving credit for prison time that he has unquestionably served and which should clearly be applied to this sentence.
These circumstances are admittedly rare, and no statute or case law has been located that directly addresses the problem. Nevertheless, if the State successfully appeals a judgment of acquittal of one, but not all, counts against a defendant and the defendant is in prison at all times during the appeal because of his sentence on the other counts, when a new judgment and sentence are imposed on remand from the appellate court and the newly imposed sentence is concurrent with the earlier sentences, the defendant is entitled to prison credit on the newly imposed sentence for the time he has already spent in prison during the State’s appeal. Perhaps this could be accomplished by a “nunc pro tunc” sentence. Instead of such a fictitious device, it may be better for special language to be inserted into the new sentence following a successful appeal by the State that specifies the defendant is entitled to prison credit on this count for all time already spent in prison on the concurrent [3] sentences that were entered prior to the appeal.
Accordingly, we reverse the trial court’s order and instruct the court on remand to replace the standard prison credit language in the sentence for count II with special language that unequivocally requires the Department to give Mr. Clark credit on count II for the time spent in prison during the pendency of the State’s successful appeal.
Reversed and remanded.
WHATLEY and WALLACE, JJ., Concur.

. Interestingly, he has been given credit for the jail period between July 23, 1991, and his first sentencing on July 13, 1993. Thus, it is the gap of approximately 520 days between his initial time in jail and the date of his revised sentences for which he has received no credit.

. Although rule 3.800(a) is most often used to correct illegal sentences, that rule also permits a prisoner to seek relief from facial scoresheet errors and credit errors that appear on the face of the court records. See Fla. R.Crim. P. 3.800(a).

. We emphasize that this case involves concurrent sentences. A different outcome would result if the new sentence could be imposed consecutively.