710 So.2d 648 (1998)
John KNIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 97-02923.
District Court of Appeal of Florida, Second District.
April 15, 1998.
PER CURIAM.
John Knight appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm *649 without comment the denial of eleven of his assertions. We also affirm the denial of his twelfth assertion, but write to explain that in reaching the correct result, the trial court misapplied an elemental principle of postconviction law.
In his sworn motion, Knight assailed trial counsel for failing to object to comments by the prosecutor during closing argument which Knight contends constituted an improper attempt to bolster the reliability of the victim's testimony. If the prosecutor's remarks trod over the line of acceptable advocacywhich we will assume to be the case for purposes of this discussionKnight's claim is facially deficient because it fails to establish the prejudice resulting from counsel's failure to object to the offending comments. See Hildwin v. Dugger, 654 So.2d 107, 109 (Fla.1995). In his motion, Knight admits that two eyewitnesses testified at trial that at the conclusion of a dispute over the ownership of a bicycle, Knight produced a firearm and shot one of the witnesses in the back as he was riding away and then shot the man several more times as he lay on the ground.
Knight complains that the prosecutor vouched for the reliability of the victim by arguing that the victim would not have testified as he did "if he wasn't sure." If the prosecutor's statement represents a departure from the rule against bolstering testimony in argument, the violation is de minimis and cannot be said to have contributed to the verdict rendered by the jury. For Knight's ineffectiveness of counsel claim to attain facial sufficiency, he must establish that but for counsel's deficiencyhere, failing to object the claimant would "probably" have obtained a more favorable result. See Hildwin, 654 So.2d at 108 (citing Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984)). Had counsel objected to the offending comment and a curative instruction resulted, it is impossible to conclude that as a consequence Knight would have fared better with the jury than he did at his trial in light of the evidence against him.
We now consider the reason the trial court denied Knight's claim. The order denying this claim reads, "The Defendant is procedurally barred from raising this claim on a 3.850 motion, as it should have been raised on direct appeal." Knight's point in his rule 3.850 motion is that he was the one procedurally barred because of counsel's oversight in failing to register the appropriate objection. The trial court relied on Cherry v. State, 659 So.2d 1069 (Fla.1995). Cherry does repeat the admonition that allegations of ineffective assistance of counsel cannot be used to circumvent the rule that postconviction proceedings cannot serve as a second appeal. See also Medina v. State, 573 So.2d 293, 295 (Fla.1990); Blanco v. Wainwright, 507 So.2d 1377 (Fla.1987) (holding that assailing counsel for failing to expose prejudices against Mariel Cuban refugees merely recasts an unsuccessful direct appeal issue regarding those same alleged prejudices). However, these principles do not apply to a claim where a specific accusation is aimed at trial counselbe it the failure to move to suppress evidence, the failure to object to the admission of evidence, or, as here, silence in the face of an objectionable comment by the prosecutorwhich has not, and could not have, been raised on plenary appeal. There is a critical distinction between an attack on counsel for failing to object to, and thus preserve review of, a prosecutor's remark and the reviewability by an appellate court of the comment itself to determine whether reversal is warranted. See, e.g., Wells v. State, 598 So.2d 259 (Fla. 1st DCA 1992) (condemning a trial court order denying a postconviction claim on the basis that the sentence should have been challenged on direct appeal while overlooking that the claim was based upon trial counsel's failure to object to the sentencing procedure, thus barring direct review).
We observe a troubling tendency by trial courts in this district, principally in the two most populous counties, to deny procedurally legitimate attacks on trial counsel by relying on the prisoner's failure to raise the underlying, substantive issue on direct appeal when the prisoner has claimed he was prohibited from doing so only because of the very deficiency of counsel in failing to pose the appropriate legal objection.
*650 In the present case, the trial court's reliance on Cherry is misplaced. Knight quite properly argued in his motion that he was procedurally foreclosed on plenary appeal from challenging the comments of the prosecutor. His claim, however, suffers from facial insufficiency under the two-prong test of Strickland, and the trial court's order must be affirmed.
Affirmed.
DANAHY, A.C.J., and WHATLEY and NORTHCUTT, JJ., concur.