PER CURIAM.
Michael Curtis appeals the summary denial of his motion for postconviction relief. The trial court denied the motion on the basis that all the issues outlined in the motion had either been unsuccessfully presented to this court in Curtis’s direct appeal or should have been raised on appeal. Of the eight issues submitted in Curtis’s motion, only two were properly denied, and, accordingly, on the others we reverse.
Of the six remaining issues, five complain that counsel failed to register an objection or failed to file an appropriate motion to preserve potential error for review, and the sixth incorporates these into a claim of cumulative ineffectiveness of trial counsel. The trial court denied these claims, presuming that these issues had been raised on appeal because similar issues were set forth by trial counsel in the statement of judicial acts to be reviewed on appeal. The court’s reliance upon the statement to document the actual issues raised on appeal was misplaced, as most of these issues in fact had not been briefed.[1]
The trial court’s determination that Curtis’s claims should properly have been pursued on plenary appeal is erroneous. To the contrary, the arguments raised- by Curtis were not and could not have been presented on appeal because the issues were not preserved by trial counsel, which is precisely the point Curtis argues. See Knight v. State, 710 So.2d 648 (Fla. 2d DCA 1998) (holding that trial court erred by barring postconviction claim on procedural grounds that it should have been raised on appeal when the gravamen of the prisoner’s claim was that he was prevented from doing so due to trial counsel’s ineffectiveness).
Accordingly, it is ordered that the denial of the motion for postconviction relief as to issue two and issues four through eight is reversed and remanded for reconsideration. On remand, unless the case file and record conclusively demonstrate that Curtis is not entitled to relief, an evidentiary hearing shall be conducted. If the court again concludes that summary denial is proper, it must attach to its order those portions of the case file and record which refute Curtis’s claims. We affirm the trial court’s denial of the motion as to issues one and three.
Affirmed in part, reversed in part, and remanded.
PATTERSON, A.C.J., and WHATLEY and NORTHCUTT, JJ„ Concur.

. Whether an issue relating to a criminal conviction was in fact raised on appeal is seldom of any consequence in the analysis of a post-conviction motion. If the issue is one which could have been raised on plenary review, it is invariably foreclosed from later collateral review. See Johnson v. State, 593 So.2d 206, 208 (Fla.1992). Curtis’s claims in this proceeding involve accusations of the ineffectiveness of trial counsel which, except in unusual circumstances, may not be raised on direct appeal. See Kelley v. State, 486 So.2d 578, 585 (Fla.1986); Healey v. State, 556 So.2d 488, 489 (Fla. 2d DCA 1990).