FULMER, Judge.
Eduardo Rodriguez appeals from the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Although the trial court held an evidentiary hearing on the petition, it disposed of some of the claims by summary denial before the hearing. Rodriguez contests two claims that were" summarily denied. Although we disagree with the trial court’s rationale for denying the claims, we affirm based on our review of the record. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979) (“Even when based on erroneous reasoning, a conclusion or decision of a trial court will generally be affirmed if the evidence or an alternative theory supports it”).
In “Ground Two” of his motion, Rodriguez alleged an ineffective assistance of counsel claim for counsel’s failure to object to the trial court’s refusal to give a requested instruction regarding voluntary intoxication. The trial court summarily denied this claim because it concluded that Rodriguez had raised the issue, or a variation of it, on direct appeal. The trial court based its conclusion on the statement of judicial acts to be reviewed, a practice this court has disapproved. See Curtis v. State, 757 So.2d 513 (Fla. 2d DCA 1998). Generally, this court does not address ineffective assistance claims on direct appeal and, in this case, the issue in fact had not been briefed in the direct appeal. Nevertheless, we affirm because it is clear from the testimony of Rodriguez’s trial attorney at the evidentiary hearing that this claim would not provide a basis for postconviction relief.
After the trial court summarily denied Rodriguez’s intoxication instruction claim, it held an evidentiary hearing on other outstanding claims. Rodriguez’s trial attorney’s testimony at the hearing supports the denial of that claim. Specifically, she testified that she had considered utilizing the intoxication defense but decided *746 against it for the strategic reason that the theory was inconsistent with the main defense, which was that Rodriguez did not participate in the crime. Further, the attorney related that for strategic purposes she had intentionally suggested an intoxication defense theory to the jury even though Rodriguez was not relying on that theoi^. The trial court even read the intoxication instruction to the jury during voir dire. Based on these facts, we conclude that the record refutes the allegation of ineffective assistance. Because his counsel had rejected pursuing an intoxication defense for strategic reasons, Rodriguez could not show either the deficient performance of counsel or the prejudice necessary to prevail on his claim as alleged in the petition. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
In “Ground Four” of the motion, Rodriguez claimed ineffective assistance for counsel’s failure to object to the trial court’s refusal to strike the jury panel. Rodriguez asserted that the motion to strike the jury panel was made because the trial court intervened when the defense attorney was questioning jurors as to how they would feel about an intoxication defense.
The trial court’s summary denial of this claim was based on the assertion that Rodriguez could have raised the issue on direct appeal. Again, we disagree with the trial court’s reasoning. However, from the testimony regarding the intoxication defense adduced at the evidentiary hearing, we conclude that Rodriguez could not show the necessary prejudice to warrant post-conviction relief for this claim.
Affirmed.
CAMPBELL, A.C.J., and STRINGER, J., Concur.