BARFIELD, J.
Appellant, who was convicted of sexual battery of his very young granddaughter, challenges the summary denial of his pro se motion for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. We find that only one of his arguments has merit.
Appellant asserted that he was deprived of effective assistance of counsel at trial because defense counsel failed to object to the trial court’s allowing into the jury room during deliberations two videotapes which had been admitted into evidence. One videotape was of the child victim’s *432 interview with a Child Protection Team investigator, and the other was the videotaped deposition of the doctor who examined the victim at the Children’s Crisis Center, which the parties had stipulated would be shown to the jury as the doctor’s trial testimony.
The trial court ruled that this claim should have been raised on appeal, and therefore did not address the merits. Appellant’s post-trial attorney filed a motion for rehearing, arguing that trial counsel’s failure to object to the court’s actions could not have been raised on appeal, and that the court’s determination to allow the videotaped evidence to go to the jury room did not meet the criteria for “fundamental error.” The motion for rehearing was denied without further comment.
The trial court’s ruling that this assertion of ineffective assistance of counsel should have been raised on appeal was clearly erroneous, see the discussion in Knight v. State, 710 So.2d 648 (Fla. 2d DCA 1998), and the cases cited therein. Taking appellant’s allegations as true for the purpose of determining the sufficiency of his pleading, we find that his motion states a basis for post-conviction relief on this ground.
Appellant relied, below and on appeal, upon Young v. State, 645 So.2d 965 (Fla.1994), in which the Florida Supreme Court held that it was reversible error for a trial court to allow, over objection, videotaped out-of-court interviews with child victims of sexual abuse in the jury room during deliberations. The court discussed the fact that “videotaped depositions introduced into evidence would fall within [the] proscription” of Florida Rule of Criminal Procedure 3.400(d) that depositions cannot be taken into the jury room, and stated that it shared the view of the district court of appeal, that “allowing the jury to have access to videotaped witness statements during deliberations has much the same prejudicial effect as submitting depositions to the jury during deliberations.” The court stated that it “[did] not suggest that allowing the videotape to go to the jury room was fundamental error,” but it noted that Young’s counsel had “objected to permitting the jury to view the videotape of the children’s statements during deliberations,” and stated that it “[could] not find the error to be harmless.”
Appellant alleged in the instant motion that his trial counsel failed to object to videotaped evidence being allowed in the jury room during deliberations, and that this deficiency in defense counsel’s performance prejudiced the outcome of his case. We REVERSE the summary denial of post-conviction relief on this ground, and REMAND the case to the trial court for an evidentiary hearing, or for attachment of record conclusively demonstrating that appellant is not entitled to relief. In all other respects, the trial court’s order is AFFIRMED.
WOLF, C.J., and DAVIS, J., CONCUR.