[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15243
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 2, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-14157-CV-KMM

STANLEY SMITH,

Petitioner-Appellant,

versus

JAMES CROSBY, Secretary,
Department of Corrections,
CHARLES J. CRIST, JR.,
Attorney General for the State
of Florida,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 2, 2005)

Before ANDERSON, BLACK  and PRYOR, Circuit Judges.

PER CURIAM:

Stanley Smith, a Florida prisoner proceeding pro se, appeals the district court's denial of his habeas corpus petition, which was brought pursuant to 28 U.S.C. § 2254. In 1999, Smith was charged by information with one count each of robbery with a deadly weapon, armed burglary of a dwelling, and attempted felony murder. In March 2000, a jury acquitted Smith of robbery, found him guilty of armed burglary, and could not reach a verdict on the attempted felony murder count. Following a re-trial on the attempted felony murder charge, a jury convicted Smith of the lesser included offense of second degree attempted felony murder. The state court sentenced Smith to 30 years' imprisonment for the armed burglary conviction and 15 years' imprisonment for the attempted felony murder conviction, to run consecutively, and the state appellate court affirmed both convictions without a written opinion.

In each of the two trials, the prosecutor, in his closing arguments, referred to the state's case as "unrebutted," and Smith's counsel failed to lodge an objection. In his state post-conviction proceedings, Smith argued, in relevant part, ineffective assistance of counsel with respect to these failures to object. The state court denied this claim, finding the claim procedurally barred from collateral attack under state law.

In the present § 2254 habeas petition, Smith again contended that his counsel

was ineffective in failing to object to the prosecutor's comments in the two trials that the state's evidence was unrebutted. Smith argued that such comments were improper because (1) they drew attention to his decision not to testify and thereby violated his right to remain silent under the Fifth Amendment , and, (2) under Florida case law, it was improper for the prosecution to refer to defense's failure to call witnesses or to present testimony to rebut the state's case. Smith asserted that these comments encouraged the jury to infer his guilt through his silence.

The district court denied the ineffective assistance of counsel claim, finding that the claim was procedurally defaulted from federal review. The court reasoned that, because the state court expressly imposed a procedural bar on this claim, the court was barred from considering the claim absent certain unmet conditions. We granted a certificate of appealability as to the following issue:

> Whether the district court improperly denied Smith's claim that trial counsel was ineffective for failing to object to, and thus preserve a challenge to, the prosecutor's improper remarks that the state's case was "unrebutted," that there was no testimonial evidence to support the defense, and regarding Smith's silence.

On appeal, Smith argues that the district court improperly denied Smith's claim that trial counsel was ineffective for failing to object to, and thus preserve a challenge to, the prosecutor's improper remarks that the state's case was "unrebutted." Smith contends that the district court's finding that the claim was

3

procedurally barred was erroneous, in that (1) the state of Florida waived the procedural default by failing to raise it in district court, (2) the claim was not independent of federal law, and (3) the state court addressing this claim did not clearly state that the claim was procedurally barred.  Smith also argues that (1) his counsel was ineffective in that counsel failed to object to improper statements made by the prosecutor indicating his personal belief that Smith was guilty of the offenses, and, (2) in light of United States v. Booker, 543 U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), his sentence was improperly enhanced.

We conclude that Smith's claim of ineffective counsel is not procedurally barred but that his conviction should remain undisturbed  because of the absence of harmful error.

I.     Are Smith's Claims Procedurally Barred?

We review de novo a district court's denial of a habeas petition under 28 U.S.C. § 2254.  See Sims v. Singletary, 155 F.3d 1297, 1304 (11th Cir. 1998). Factual findings are reviewed for clear error.  Id.

Under the doctrine of procedural default, "[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a

4

result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991) (internal quotations omitted). We have set forth a three-part test to determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision:

First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. Second, the state court's decision must rest solidly on state law grounds and may not be intertwined with an interpretation of federal law. Third, the state procedural rule must be adequate.

Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001) (internal quotations and citations omitted). The adequacy requirement has been interpreted to mean that the rule must be "firmly established and regularly followed," that is, not applied in an arbitrary or unprecedented fashion. Ford v. Georgia, 498 U.S. 411, 423-25, 111 S.Ct. 850, 857-58, 112 L.Ed.2d 935 (1991); Judd, 250 F.3d at 1313.

The Florida Supreme Court has held that claims that could have been raised on direct appeal are procedurally barred from collateral review, and couching such claims in terms of ineffective assistance of counsel for failure to preserve or raise them cannot be used to circumvent that rule. Cherry v. State, 659 So.2d 1069, 1072 (Fla. 1995). However, a Florida appellate court has held that the rule stated

5

in Cherry does not apply to certain ineffective-assistance claims, such as counsel's "silence in the face of an objectionable comment by the prosecutor," that could not have been raised on direct appeal. Knight v. State, 710 So.2d 648, 649 (Fla. Dist. Ct. App. 1998). Additionally, the Florida Supreme Court has held that the rule in Cherry does not apply where the underlying claims were raised and rejected on direct appeal because they had not been preserved for review. Pietri v. State, 885 So.2d 245, 256 (Fla. 2004). In both Knight and Pietri, however, the lower court's judgment was nevertheless affirmed because the defendants failed to demonstrate prejudice. Knight, 710 So. at 640; Pietri, 885 So.2d at 256.

Here, the last state court to render judgment applying the state procedural default in Cherry was the court that decided Smith's post-conviction motion.[1] Thus, if the default described in Cherry is "firmly established and regularly followed," federal review is precluded. See Ford, 498 U.S. at 423-25, 111 S.Ct. at 857-58. It appears here that the state court's application of a procedural bar to Smith's claims, that counsel was ineffective in failing to object to the prosecutor's comments on the unrebutted nature of the state's evidence, was incorrect under the

---

[1] It appears that Smith failed to fully exhaust his ineffective assistance of counsel claim in Florida state court, as the record on appeal does not include a request for certification for appeal to the Florida Supreme Court of the Florida appellate court decision affirming the denial of his post-conviction claims. However, Smith's ineffective assistance of counsel claim is without merit, as discussed below, and § 2254(b)(2) provides that an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust his state remedies. 28 U.S.C. § 2254(b)(2).

6

clarifications in subsequent Florida law. Cherry does not apply to ineffective assistance of counsel claims respecting underlying claims that were rejected because they had not been preserved for review. See Pietri, 885 So.2d at 256. It is probable that Smith's claims respecting prosecutorial misconduct were rejected on direct appeal because they had not been preserved for review; Smith raised these claims on direct appeal acknowledging the absence of objection at trial but arguing fundamental error. The state had explicitly argued the absence of objection and the appellate court affirmed without opinion. Moreover, a Florida appellate court has held that Cherry does not apply to ineffective-assistance claims that could not have been raised on appeal, such as the one presented here, i.e. counsel's "silence in the face of an objectionable comment by the prosecutor." See Knight, 710 S.2d at 649. Because the state court's procedural default ruling did not rest on adequate state grounds, the district court's finding of procedural default with respect to this claim is also erroneous. See Harris, 489 U.S. at 262, 109 S.Ct. at 1043. In other words, the district court should have reached and resolved the claim.

Because the procedural default issue is resolved on this basis in Smith's favor, we need not address Smith's arguments that the state waived the default argument, the claim was not independent of federal law, and the state court did not clearly state the claim was procedurally barred.

7

II.    Did Smith Suffer Prejudice at Trial as a Result of Ineffective Counsel?

Smith has failed to establish that his counsel's failure to object to the prosecutor's comments on the unrebutted nature of the state's case prejudiced his defense.[2]  To make a showing of ineffective assistance of counsel in violation of the Sixth Amendment, a prisoner must show that the counsel's performance was deficient and must establish that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).  To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694, 104 S.Ct. at 2038.

Smith argues that the comments were unconstitutional in that they infringed

---

[2] We may address the merits of Smith's ineffective assistance of counsel claim, notwithstanding the fact that the state court and the district court failed to reach the merits of this claim.  First, § 2254(a) provides that this Court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. 2254(a).  Smith's ineffective assistance of counsel claim is a claim that his Sixth Amendment right to counsel was violated.   See Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. Next, the prohibition contained in § 2254(d) against granting an application for a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court proceedings, except in certain specified circumstances, is not applicable here because the state court did not adjudicate this ineffective assistance of counsel claim on its merits – it imposed a state procedural bar.  28 U.S.C. 2254(d); Wright v. Sec'y for Dep't of Corr., 278 F.3d 1245, 1254-55 (11th Cir. 2002) (holding that the state court is required to reject a claim on the merits for § 2254(d)(1) to apply and a decision that does not rest on procedural grounds alone is an adjudication on the merits).  Last, we may affirm a decision of the district court "on any adequate ground, even if it is other than the one on which the court actually relied."  Parks v. City of Warner Robins, 43 F.3d 609, 613 (11th Cir. 1995) (holding such in a 42 U.S.C. § 1983 action).

8

on his right to remain silent and improperly referred to his failure to call witnesses or present witnesses to rebut the state's case. With respect to prejudice, Smith asserts only that these comments resulted in the State encouraging the jury to infer his guilt from his silence. This is insufficient in this case to show a reasonable probability that, but for counsel's error, the result of the proceeding would have been different.

At the two trials, three witnesses gave consistent eye-witness testimony as to Smith's involvement in the offenses of conviction. The witnesses generally testified to the following: (1) Smith asked two people known to Smith for a ride in their car, for both himself and an unidentified individual; (2) the driver of the car consented; (3) once in the car, the unidentified individual pulled a gun on the driver, and Smith demanded money; (4) Smith asked the driver of the car to pull over; (5) after pulling over the car, the driver fled into a nearby house; (6) Smith and the unidentified individual chased the driver into the house; (7) a shot was fired (apparently by the unidentified individual) inside the house, and (8) a resident of the house, not the driver, was hit by a bullet and injured.

The entirety of Smith's case in the first trial consisted of the alibi testimony of Smith's sister, who testified that Smith was fishing with her during the time the offense was committed. In the second trial, the defense offered no witnesses or

9

evidence. Had Smith's counsel objected to the offending comments and curative instructions resulted, the weight of the evidence against Smith makes it impossible to conclude that as a consequence Smith would have fared better in the two proceedings.

Because Smith has failed to establish that his counsel's failure to object to the prosecutor's comments on the unrebutted nature of the state's case prejudiced his defense, we affirm the denial of his § 2254 claim. As to Smith's appellate claims that (1) the prosecutor made improper statements indicating his personal belief that Smith was guilty of the offenses, and, (2) in light of Booker, his sentence was improperly enhanced, these claims exceed the scope of Smith's certificate of appealability and, therefore, we are precluded from reviewing them. See McIntyre v. Williams, 216 F.3d 1254, 1256 n.2 (11th Cir. 2000).

**AFFIRMED.**